**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Ashley R. Cadotte
Assistant U.S. Attorney
Ashley.Cadotte@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug,
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

July 7, 2022

Lisa Ludwig
Ludwig Runstein LLC
333 SW Taylor St., Suite 300
Portland, OR 97204
*Sent via email*

      Re:    *United States v. Edward William Carubis,* Case No. 3:20-cr-00332-SI
             Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office ("USAO") and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This Agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charge**: Defendant agrees to plead guilty to Count 1 of the Information, which charges the offense of Assault on a Federal Officer, in violation of Title 18, United States Code, Section 111(a)(1).

3.    **Penalties**: The maximum penalty for Count 1 is not more than one (1) year imprisonment, a fine of up to $100,000, up to a one-year term of supervised release, and a $25 fee assessment. Defendant agrees to pay the $25 fee assessment by the time of entry of guilty plea or explain to the court why it cannot be done.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Lisa Ludwig
Re: Edward William Carubis Plea Agreement Letter
Page 2

5. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6. **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted Adult Victim 1 (AV1), Adult Victim 2 (AV2) and Adult Victim 3 (AV3), who at the time were federal law enforcement officers;

Second, the defendant did so while AV1, AV2 and AV3 were engaged in, or on account of their official duties.

Defendant admits the elements of the offense alleged in Count One of the Information.

The government's investigation can establish the following facts beyond a reasonable doubt. On July 11, 2020, defendant was present outside the Mark O. Hatfield Courthouse in Portland, Oregon. During that time period, federal law enforcement officers were responding to ongoing and multiple acts of vandalism and related criminal activity involving the courthouse and law enforcement. Defendant was observed by multiple witnesses shining a green laser beam into the eyes of a United States Border Patrol Tactical Agent (Adult Victim 1), and two Federal Protective Service Agents (Adult Victim 2 and Adult Victim 3) as they were actively engaged in their official duties.
Witnesses took photos of defendant and sent the photos and descriptions to plainclothes agents working in the crowd. Defendant was located and detained. During a search incident to the arrest, defendant was found in possession of a black metal laser with a green beam. The device contained a danger warning to avoid eye exposure. Adult Victim 1 and Adult Victim 3 were able to avoid serious eye damage by taking evasive actions, limiting exposure to their eyes. Adult Victim 2 suffered prolonged injury to his eyes.

7. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

//

//

Lisa Ludwig
Re: Edward William Carubis Plea Agreement Letter
Page 3

8. **Guideline calculations**: For sentencing purposes, the parties agree that the following guideline calculations apply in this case:

| Count 1: 18 USC § 111(a) | | |
|---|---|---|
| U.S.S.G. § 2A2.4 | Base Offense Level | 10 |
| U.S.S.G. § 2A2.4(b)(1) | Physical Contact | +3 |
| U.S.S.G. § 2A2.4(b)(2) | Bodily Injury | +2 |
| **Acceptance of Responsibility** | | |
| U.S.S.G. § 3E1.1 | Acceptance | -2 |
| **Total Offense Level** | | |
| | Total Offense level | 13 |

9. **JOINT Sentencing Recommendation**: If defendant agrees to resolve his case and demonstrates an acceptance of responsibility, the parties jointly will recommend as a reasonable sentence under the factors listed in 18 U.S.C. Section 3553(a), a sentence of time-served, with no imposition of probation or supervised release, and a $25 fee assessment.

10. **Abandonment of Instrumentality**: By signing this agreement, defendant hereby voluntarily abandons all right, title, and interest to the laser device seized by investigators.

11. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of the agreed-upon time-served joint sentencing recommendation.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind

Lisa Ludwig
Re: Edward William Carubis Plea Agreement Letter
Page 4

this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant agrees to the terms of this deferred sentencing agreement, please sign and attach the original of this letter to the Petition to Enter Plea.

//

//

//

//

Lisa Ludwig
Re: Edward William Carubis Plea Agreement Letter
Page 5

17.   **Deadline**: This plea offer expires if not accepted by July 29th at 5:00 p.m.

Sincerely,

SCOTT ERIK ASPHAUG
United States Attorney

*/s/ Ashley R. Cadotte*
ASHLEY R. CADOTTE
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

8/31/2022
Date

Edward William Carubis, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8/31/2022
Date

Lisa Ludwig, Attorney for Defendant